1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT CLARK,                         No. 2:15-CV-0613-JAM-CMK-P

12            Plaintiff,

13       vs.                               FINDINGS AND RECOMMENDATIONS

14   BENNETT FEINBERG, et al.,

15            Defendants.

16   _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19            The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8

9                              **I.  PLAINTIFF'S ALLEGATIONS**

10              Plaintiff names the following as defendants: (1) Feinberg; (2) Lewis; (3) Fong;

11  and (4) Sahota.  Plaintiff states that he broke his finger in December 2013 but was denied

12  medical care.  According to plaintiff, he was seen by defendant Feinberg, apparently a prison

13  doctor, on May 5, 2014, for "severe pain, throbbing in the index finger area."  Plaintiff informed

14  defendant Feinberg that his finger had never been set correctly.  Plaintiff claims that defendant

15  Sahota reviewed his prison grievance regarding his finger but "denied the medical request for

16  help."  Plaintiff also states that defendant Sahota denied surgery.  Next, plaintiff claims that

17  defendant Fong reviewed his grievances and also denied medical care.  Specifically, plaintiff

18  claims that "no relief was provided for the constant pain after the interview was conduct[ed] by

19  Lawrence C. Fong on 7/3/2014."  Finally, plaintiff claims that he "sought medical relief" from

20  defendant Lewis by way of a prison grievance but that defendant Lewis also denied care.

21              Attached to plaintiff's complaint are the defendants' responses to plaintiff's

22  various grievances.  In responses dated May 13, 2014, by defendant Sahota and July 3, 2014, by

23  defendant Lewis, plaintiff was informed as follows:

24              In the First Level Appeal, received on 4/14/2014, you indicated that you
            are requesting to be provided with the medical care that a specialist
25              recommended.  Records show that this was a joint replacement in your
            finger.  You are requesting an investigation in why you were not provided
26              medical care for the pain of your fractured finger.

                                        2

1
2
3
4
5
6
7

During your interview with Dr. Feinberg, your medical history was reviewed.  It is noted that orthopedic surgery of the 5th finger was recommended by an orthopedic surgeon on 1/24/14.  The request for services was denied by the Institutional Utilization Management Committee (IUMC) on 2/6/14.  The IUMC recommended to provide continuous care and to consider buddy taping to the adjacent finger. Records show that due to the deformity of your finger, taping caused more pain than not.  Dr. Feinberg resubmitted a Request for surgery on 5/5/14 for a right 5th PIP joint replacement.  Your case was discussed in length by the IUMC.  The pros and cons of surgery were discussed.  The clinical finding of the IUMC was to deny the surgery.  It was felt that any recommendation at this stage may not return full function of the finger. The IUMC recommended accommodations to minimize situations causing discomfort.  Your request for surgery is denied.

8

9

10

## II.  DISCUSSION

11       The treatment a prisoner receives in prison and the conditions under which the

12  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

13  and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

14  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

15  of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

16  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

17  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

18  "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

19  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

20  when two requirements are met: (1) objectively, the official's act or omission must be so serious

21  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

22  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

23  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

24  official must have a "sufficiently culpable mind."  See id.

25  / / /

26  / / /

1    Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

2  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

3  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

4  health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

5  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

6  injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

7  1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

8  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

9  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

10  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

11  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

12    The requirement of deliberate indifference is less stringent in medical needs cases

13  than in other Eighth Amendment contexts because the responsibility to provide inmates with

14  medical care does not generally conflict with competing penological concerns.  See McGuckin,

15  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

16  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

17  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

18  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

19  treatment, or interference with medical treatment, may also constitute deliberate indifference.

20  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

21  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

22    Negligence in diagnosing or treating a medical condition does not, however, give

23  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

24  difference of opinion between the prisoner and medical providers concerning the appropriate

25  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

26  90 F.3d 330, 332 (9th Cir. 1996).

1    The gravamen of plaintiff's complaint is his contention that he should have been

2  provided surgery.  At best, plaintiff's allegations indicate a difference of medical opinion and not

3  deliberate indifference.  To the contrary, plaintiff's allegations as well as documents attached to

4  the complaint clearly show that plaintiff was, in fact, provided medical treatment.  Plaintiff's

5  disagreement with the course of that treatment does not give rise to a claim under § 1983.

6

7                                    **III.  CONCLUSION**

8    Because it does not appear possible that the deficiencies identified herein can be

9  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

10 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

11   Based on the foregoing, the undersigned recommends that this action be dismissed

12 for failure to state a claim.

13   These findings and recommendations are submitted to the United States District

14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

15 after being served with these findings and recommendations, any party may file written

16 objections with the court.  Responses to objections shall be filed within 14 days after service of

17 objections.  Failure to file objections within the specified time may waive the right to appeal.

18 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20   DATED: February 23, 2016

21

22                                    CRAIG M. KELLISON
                                     UNITED STATES MAGISTRATE JUDGE

23

24

25

26